UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHELLE CAPELLUPO,
Natural Parent, & Legal Guardian
on Behalf of S.C., An Infant
Under the Age of Eighteen (18),

                Plaintiff,

         v.

WEBSTER CENTRAL SCHOOL DISTRICT;
and DAVID EVANS, Individually,

                Defendant(s).

_____

**DECISION AND ORDER**

13-CV-6481 EAW

## INTRODUCTION

Plaintiff Michelle Capellupo ("Plaintiff") commenced the instant action on September 6, 2013, purportedly on behalf of her son, S.C. (Dkt. 1). The complaint alleges that S.C. is "an Infant Under the Age of Eighteen (18). . . ." (*Id.* at ¶ 1). Plaintiff alleges that while S.C. was a student at Webster Thomas High School, defendant David Evans ("Mr. Evans"), the varsity hockey coach, failed to select S.C. for the varsity hockey team in retaliation for complaints made by his parents. (*Id.* at ¶ 43).

Defendants have moved for: dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); dismissal for lack of personal jurisdiction over Mr. Evans pursuant to Federal Rule of Civil Procedure 12(b)(2),(4), and (5); dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and, in the alternative, summary judgment pursuant to Federal Rule of Civil

Procedure 56. (Dkt. 12). For the reasons set forth below, the Court determines that it lacks jurisdiction over this case and dismisses the case in its entirety.

## BACKGROUND

Plaintiff claims to bring this action on behalf of her son, S.C., as his "Natural Parent, & Legal Guardian." (Dkt. 1). According to Plaintiff, in November 2008, S.C. was a freshman at Webster Thomas High School in Webster, New York, and was selected for the varsity hockey team. (*Id.* at ¶¶ 7, 11-12). S.C. was subsequently removed from the varsity team because he was struggling with his grades. (*Id.* at ¶ 13). S.C. remained on the junior varsity team for the rest of his freshman year, but allegedly also practiced and traveled with the varsity team, "under the belief that he would eventually earn a spot on the Varsity Hockey team." (*Id.* at ¶ 18). However, according to Plaintiff, S.C. never again played varsity hockey, despite "dominat[ing] at the JV level. . . ." (*Id.* at ¶¶ 25, 26, 29, 40). Plaintiff further alleges that "no other Webster student has been chosen for the Varsity Hockey Team as a Freshman and cut the following three years." (*Id.* at ¶ 42).

Plaintiff commenced this action on September 6, 2013. (Dkt. 1). Plaintiff alleges in the complaint that S.C. is "an Infant Under the Age of Eighteen (18). . . ." (*Id.* at ¶ 1). However, in support of their motion to dismiss for lack of subject matter jurisdiction, Defendants have submitted evidence that S.C. was born in early September 1994, making him at least 18 years old (and possibly 19 years old) at the time this action was commenced. (Dkt. 12-7 at ¶ 6).

At the commencement of this action, Plaintiff was represented by Christina A. Agola, PLLC. (Dkt. 1). On November 21, 2013, the Court granted Plaintiff's attorney's request to withdraw from her pending cases due to her suspension. (Dkt. 3). On November 26, 2013, this case was stayed for 45 days. (Dkt. 4). On December 10, 2013, the Court entered an order giving Plaintiff until January 17, 2014, to either retain another attorney or inform the Court that she intended to proceed *pro se*. (Dkt. 7). Plaintiff did not retain another attorney and is currently proceeding *pro se*.

Pursuant to a scheduling order entered by United States Magistrate Judge Jonathan W. Feldman on March 14, 2014 (Dkt. 11), Defendants filed their motion to dismiss or, in the alternative, for summary judgment on April 11, 2014 (Dkt. 12). On April 14, 2014, the Court entered a scheduling order setting a response deadline of May 19, 2014. (Dkt. 13). Plaintiff failed to file a response to Defendants' motion.

## DISCUSSION

### I.   Legal Standard

As a threshold matter, "[w]here, as here, the defendant moves for dismissal under Rule 12(b)(1), Fed. R .Civ. P., as well as on other grounds, the court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) (quotation omitted); *see also Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 820 F. Supp. 2d 490, 499 (S.D.N.Y. 2011), *aff'd sub nom., Baldessarre ex rel. Baldessarre v. Monroe-Woodbury Cent. Sch. Dist.*, 496 F. App'x 131 (2d Cir. 2012)

("When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds such as Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must consider the Rule 12(b)(1) motion first."). "A court faced with a motion to dismiss . . . must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Sikhs for Justice Inc. v. Indian Nat'l Cong. Party*, 17 F. Supp. 3d 334, 338 (S.D.N.Y. 2014) (quotation omitted). In other words, if a court lacks subject matter jurisdiction, it cannot reach the merits of the case.

In this case, Defendants' Rule 12(b)(1) motion is based on Defendants' argument that Plaintiff lacks standing to maintain this action on behalf of her son. Although "lack of Article III standing and subject matter jurisdiction are distinct concepts," it is still the case that, "Article III standing remains . . . a limitation on the authority of a federal court to exercise jurisdiction." *Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 n.6 (2d Cir. 2006). As a result, "a district court must generally resolve material factual disputes and establish that it has federal constitutional jurisdiction, including a determination that the plaintiff has Article III standing, before deciding a case on the merits." *Id.* at 85. The Court therefore considers Defendants' Rule 12(b)(1) argument as a threshold issue.

"In reviewing a facial attack to the court's jurisdiction, [the Court] draw[s] all facts – which [it] assume[s] to be true unless contradicted by more specific allegations or documentary evidence – from the complaint and from the exhibits attached thereto."

*Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). The Court also "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but . . . may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004); *see also Amidax*, 671 F.3d at 145 ("To the extent that . . . [the] Rule 12(b)(1) motion placed jurisdictional facts in dispute . . . the district court properly considered evidence outside the pleadings.").

## II.  Defendants' Rule 12(b)(1) Motion

Defendants seek dismissal of the complaint pursuant to Rule 12(b)(1) on the basis that Plaintiff lacks standing to bring this action on behalf of S.C., who, Defendants argue, was not a minor at the time the action was commenced.

"Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as **the general prohibition on a litigant's raising another person's legal rights**, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (emphasis added), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 188 L. Ed. 2d 392 (2014). "A party must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *In re Bernard L. Madoff Inv. Sec. LLC.*, 721 F.3d 54, 58 (2d Cir. 2013) (quotation omitted), *cert. denied sub nom. Picard v. HSBC Bank PLC*, 134 S. Ct. 2895 (2014).

Federal Rule of Civil Procedure 17 codifies this standing requirement and provides that, "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17(c)(2) contains an exception to the general rule that a party must assert his own legal rights and interests, and provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2).

A parent may sue on behalf of his or her minor child pursuant to this provision. However, "[s]uch rights as [parents] may have had because of their [child's] infancy to prosecute an action [on] her behalf as parents and natural guardians or next friends clearly cease[]" when the child becomes an adult. *Schuppin v. Unification Church*, 435 F. Supp. 603, 605 (D. Vt.), *aff'd*, 573 F.2d 1295 (2d Cir. 1977); *see also Avent v. D.C.*, No. CIVA 08-0020 (JR), 2009 WL 387668, at *1 (D.D.C. Feb. 13, 2009) (dismissing mother's claims brought on behalf of son because "[t]hough a non-custodial parent has next friend standing to sue on behalf of a minor child . . . [the plaintiff's child] was not a minor at the time this suit was filed. . . ."); *Runge v. Sanford*, No. CIV. A. 6:08-231-GRA, 2009 WL 9083917, at *1 (D.S.C. Feb. 25, 2009), *report and recommendation adopted*, No. CIV. A. 6:08-0231-GRA, 2009 WL 2601468 (D.S.C. Aug. 21, 2009) (dismissing claims brought on behalf of adult children because "the plaintiff lacks standing to assert these claims on behalf of his adult children."); *Mulready v. Mulready*, No. CIV 3:06CV00934 AWT, 2007 WL 1791120, at *1 (D. Conn. June 16, 2007) (father did not have standing to maintain action on behalf of adult children absent a showing of incompetence).

Whether an individual is a minor is determined by reference to state law. *See Mulready*, 2007 WL 1791120 at *1 (citing Fed. R. Civ. P. 17(b)). Under New York State law, a minor or "infant" is "a person who has not attained the age of eighteen years." N.Y. C.P.L.R. § 105(j). As a result, if S.C. was over the age of 18 when this lawsuit was commenced, Plaintiff's claims on his behalf must be dismissed for lack of standing.

Here, although the complaint alleges that S.C. is under the age of 18, it does so in a conclusory fashion, without reference to his birthday or providing his actual age. By contrast, Defendants have provided specific information regarding S.C.'s birthday that shows he was an adult on September 6, 2013, when this action was commenced. This information was obtained from records made and kept by defendant Webster Central School District in the ordinary course of business and its accuracy has been duly sworn to by the Clerk for the Webster Central School District's Board of Education, who personally reviewed the records. (*See* Dkt. 12-7 at ¶¶ 1, 6); *see also United States v. Local 1804-1*, No. 90 CIV. 963 (LBS), 1992 WL 34149, at *1 (S.D.N.Y. Feb. 20, 1992) (defendant could bring the content of records before the court by obtaining testimony of custodian).

Notably, Plaintiff failed to respond to Defendants' motion or to submit any evidence that S.C. was a minor at the time this action was commenced. Defendants' position is also supported by the allegations in the complaint that S.C. was a high school freshman in November 2008 and a high school senior in 2012 (Dkt. 1 at ¶¶ 7, 39), thus suggesting that by September 6, 2013, when the action was commenced, S.C. had graduated from high school. The Court need not credit Plaintiff's conclusory allegation

that S.C. was under the age of 18 when this action was commenced because it is contradicted by the evidence. *See Amidax*, 671 F.3d at 145.

Plaintiff does not have standing to maintain the claims she attempts to bring on behalf of her adult child and this Court lacks jurisdiction over this matter. Because the Court concludes that it lacks jurisdiction, it will not consider the merits-based arguments raised by Defendants because to do so would be an exercise of jurisdiction. *See Sikhs for Justice Inc.*, 17 F. Supp. 3d at 338.[1]

## CONCLUSION

For the foregoing reasons, the Court holds that it lacks jurisdiction over the claims asserted by Plaintiff. Defendants' motion to dismiss is granted.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: December 9, 2014
      Rochester, New York

---

[1]    This prohibition on considering other arguments extends to arguments based on personal jurisdiction. *See Rhulen Agency*, 896 F.2d at 678 (district court erred in passing on "the asserted absence of personal jurisdiction" before determining whether it had subject matter jurisdiction).